IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| IAN HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-066 |
| | ) | |
| CARL C. BROWN, JR., Judge, Richmond County Superior Court, | ) ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this civil action he commenced by filing a document captioned, "Motion for Writ of Mandamus." For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

**I. BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Petitioner's Prior Filing History.

A review of Petitioner's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Harris v. Georgia Supreme Court, 1:14-cv-186 (N.D. Ga. Feb. 24, 2014) (dismissed as frivolous); (2) Harris v. Dep't of Pardons and Paroles, 1:13-cv-01524 (N.D. Ga. July 26, 2013) (dismissed for failure to comply with a court order); and (3) Harris v. Supreme Court of Georgia, 1:12-cv-03235 (N.D. Ga. Nov. 26, 2012) (mandamus action dismissed for failure to state a claim). Furthermore, Petitioner has already filed

several complaints with this Court that the undersigned has recommended be dismissed under § 1915(g)'s three strike rule due to the strikes accumulated in the cases cited above, including another case in which he filed a document captioned, "Motion for Writ of Mandamus," complaining that Judge Brown has not ruled on a summary judgment motion filed in a pending civil case Petitioner filed in the Superior Court of Richmond County. See Harris v. Brown, 1:15-cv-1 (S.D. Ga. Jan. 30, 2015); see also Harris v. Overstreet, 1:15-cv-53 (S.D. Ga. Apr. 20, 2015).

Petitioner "requests the 'Finch Remedy' apply to this civil action so he will be allowed to proceed with his complaint in forma pauperis." (Doc. no. 2, p. 1.) Petitioner does not explain or give a citation to the "Finch Remedy," and the Court is not aware of any such remedy that would excuse Petitioner from compliance with PLRA filing requirements. To the extent Petitioner may be referencing Finch v. Lang, CV 614-066 (S.D. Ga. Sept. 4, 2014), that case affords Petitioner no relief. There, United States District Judge B. Avant Edenfield dismissed the plaintiff's case and imposed severe filing restrictions which prohibit the Clerk of Court from even opening a new civil action from that plaintiff without authorization from the Court that he presents a claim with any arguable merit. Finch, CV 614-066, 2014 WL 4385716, at *1-2 (S.D. Ga. Sept. 4, 2014).

Here, Petitioner's allegations that a state court judge has not ruled on a summary judgment motion in a pending state court action does not establish he has a plausible federal claim. Indeed, as the Court already explained to Petitioner in the previous case he initiated by filing a document captioned, "Motion for Writ of Mandamus," the federal statute regarding writs of mandamus, 28 U.S.C. § 1361, provides such relief against only federal

3

officers, employees, or agencies, and thus, this federal court would not be able to provide the relief sought, namely, an order to a state court judge to issue a ruling. See Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007). In any event, the ruling in Finch says nothing about excusing a serial, abusive filer with otherwise complying with the PLRA, including meeting the "imminent danger of serious physical injury" exception to § 1915(g) for litigants such as Petitioner who have amassed at least three strikes. As explained below, the allegations in Petitioner's complaint do not satisfy this exception.

### B. Petitioner Does Not Qualify for the "Imminent Danger" Exception.

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Petitioner complains that Judge Brown has not ruled on a summary judgment motion filed in a pending civil case Petitioner filed in the Superior Court of Richmond County. There is no allegation of any type of danger to Petitioner, let alone imminent danger. Therefore, Petitioner fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Petitioner wishes to proceed with the claims raised in

4

this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 14th day of May, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA